# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Elisabeth Nelson and Christian Clark, | Civ. No. 11-3686 (RHK/JJG) |
| Plaintiffs, | |
| v. | REPORT AND RECOMMENDATION |
| Carl Green d/b/a Signature Capital, | |
| Defendant. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the Court on Defendant's Motion for Summary Judgment (ECF No. 36). The motion was set for a hearing on June 18, 2013, at 9:30 a.m. in Courtroom 3B, United States Courthouse and Federal Building, 316 N. Robert Street, St. Paul, Minnesota, 55101. (*See* Order, May 28, 2013, ECF No. 47.) Plaintiffs Elisabeth Nelson ("Nelson") and Christian Clark ("Clark") are represented by A.L. Brown. Defendant Carl Green, who has until now appeared pro se, did not appear for the hearing, nor did he advise the Court that he would not appear. Moreover, Local Rule 7.1 requires a moving party to file a reply or a letter stating that a reply is not forthcoming. D. Minn. LR 7.1(c)(3). Defendant also failed that requirement. While the Court certainly does not condone Defendant's conduct, it will consider the motion on the papers timely filed. As set forth below, the Court recommends that Defendant's motion for summary judgment be denied.

## I. Factual Background[1]

Plaintiffs are the adult children of Robert Clark ("Robert"). Robert contracted with Bob Kent Well Drilling ("Kent") to drill a well on his property in Pine County, Minnesota.[2] (Decl. of A.L. Brown, Ex. A, at 1, ECF No. 51-1.) After Robert apparently failed to pay Kent for the services, Kent brought suit against Robert in conciliation court and won a judgment of $7,085.40 on March 23, 2009. (*Id.*) Judgment was entered on May 1, 2009. (*Id.*) Robert died on May 31, 2009. (*Id.*) The probate court distributed all of Robert's property on January 22, 2010. *Green v. Clark*, No. A12-0991, 2012 WL 6652639, at *1 (Minn. Ct. App. Dec. 24, 2012). The court distributed the property, including the Pine County homestead, "free and clear of any claim by Kent or his money judgment." *Id.* Fifteen months later, Kent assigned the judgment to Defendant. *Id.* Defendant contacted the Pine County Sheriff's Office's to conduct an execution sale, but Pine County refused because Defendant had failed certain Minnesota statutory requirements. *Id.* Defendant then sought, in Pine County, to verify that he had a valid debt upon which he could rely to conduct an execution sale of the property. *Id.* That motion was denied. *Id.* Instead, the district court found that Defendant failed to timely file a claim when the probate file was open, and thus, he was collaterally estopped from collecting on the judgment. *Id.* Moreover, the court found that the debt was "uncollectible."

---

[1] Neither party provided a comprehensive outline of the facts adduced through discovery. Instead, the parties have provided piecemeal background, but both have attached copies of other court decisions bearing on this matter. Thus, the Court will review the record independently and the other court documents. The Court will also set forth the facts as asserted by both parties.

[2] The timing of this transaction is unclear from the record currently before the Court, but it is not relevant to the determination of this motion.

*Id.* The Minnesota Court of Appeals affirmed the district court's decision. *Id.* at 4. Thus, according to Minnesota courts, Defendant's judgment is an invalid debt.[3]

Plaintiffs' claims are founded in the multiple violations of the Fair Debt Collections Practices Act ("FDCPA") in the record before the Court. First, on April 13, 2011, Defendant sent a letter to Plaintiffs in which he notified them of a claim against Robert's estate. (Affidavit of Carl Green, Ex. A, at 1.) The letter stated:

> If you you [sic] not make arrangements to satisfy the judgment by April 25th, 2011, we will have the 31.91 acres sold at Sheriff's sale. If you do not satisfy this judgment and the property goes to Sheriff's sale, it will increase the fees substantially from the amount that is listed on the Notice of Entry and docketing of judgment.

(*Id.*) Defendant enclosed a writ of execution dated April 26, 2011, issued in the Tenth Judicial District, Pine County, Minnesota. (*Id.*) The writ of execution was against Robert, and noted the assignment of the debt from Bob Kent to Defendant Signature Capital. (*Id.*)

Second, during Nelson's deposition, she testified that Defendant called her and left a message on April 20, 2011, at 8:09 p.m., stating, "Well was to improve property and will be putting a sheriff's levy on property tomorrow." (Decl. of A.L. Brown, Ex. B, at 2.) Finally, Nelson testified that Defendant called her on April 29, 2011, at 9:45 p.m. and said, "Listen, bitch, I will come and get that money. I have your address. I know where you live." (*Id.*) Moreover, Defendant has submitted a handwritten note, written by Nelson, cataloguing the phone calls alleged to have been made by Defendant that violated the FDCPA. (*See* Green Aff. Ex. I.)

---

[3] The validity of the debt is only relevant insofar as it bears on whether Defendant has violated the Fair Debt Collections Practices Act ("FDCPA").

## II. Discussion

### A. Summary Judgment Standard[4]

Summary judgment is proper if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case." *Chial v. Sprint/United Mgmt. Co.*, 569 F.3d 850, 853-54 (8th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 252 (1986)). The moving party bears the burden to show that the material facts are not in dispute. *Mems v. City of St. Paul*, 224 F.3d 735, 738 (8th Cir. 2000). The nonmoving party may not respond with mere allegations or denials but must present specific facts creating an authentic issue for trial. *Anderson*, 477 U.S. at 256. The evidence and resulting inferences are viewed in the light most favorable to the nonmoving party. *Graves v. Ark. Dep't of Fin. & Admin.*, 229 F.3d 721, 723 (8th Cir. 2000).

The record is rife with factual disputes. As required, the Court views the facts in the light most favorable to Plaintiffs. The most conspicuous factual disputes concern whether the alleged conduct is violative of the FDCPA, which is a question of fact for the jury. *See Morrow v. Weinerman & Assocs., LLC*, Civ. No. 11-104 (RHK/LIB), 2011 WL 4472651, at *5 (D. Minn. Sept. 26, 2011) (Kyle, J.) (quoting *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330 (6th Cir. 2006)) ("'Whether conduct harasses, oppresses, or abuses will ordinarily be a question for the jury.'"); *Neill v. Bullseye Collection Agency*, Civ. No. 08-5800 (JNE/FLN),

---

[4] Defendant does not address Nelson's claim of intrusion upon seclusion except in one passing sentence in which he asks the Court to dismiss the claim. Accordingly, the Court will not consider whether summary judgment is appropriate on the privacy claim because neither party has addressed it.

4

2009 WL 1386155, at *2 (D. Minn. May 14, 2009) (Ericksen, J.) (citing *Clark v. Capital Credit Collection Servs., Inc.*, 460 F.3d 1162, 1178 (9th Cir. 2006) ("How an unsophisticated consumer would interpret [conduct] and whether an unsophisticated consumer would find [that conduct] to be harassing, oppressive, or abusive . . . are issues of fact.").

  **B. Fair Debt Collection Practices Act**

  Defendant makes one primary argument for summary judgment in his favor. Defendant asserts that he is not a debt collector as defined by the FDCPA, but rather, he merely enforces security interests. Defendant essentially argues that if he is purely enforcing a security interest, he is excepted from the FDCPA. *See Owens v. Hellmuth & Johnson, PLLC*, 550 F. Supp. 2d 1060, 1065-66 (D. Minn. 2008) (Kyle, J.) (distinguishing between the collection of debts and the enforcement of security interests); *see also Gray v. Four Oak Court Ass'n, Inc.*, 580 F. Supp. 2d 883, 887-88 (D. Minn. 2008) (Doty, J.) (same). While it appears as though the Eighth Circuit has yet to address directly the applicability of the FDCPA to a debt collector versus an entity purporting to enforce a security interest, this Court agrees with the weight of the authority.[5] The weight of the authority is that, where an entity is engaged in the enforcement of a security interest *only*, such as through a foreclosure or

---

[5] Indeed, "'the entire FDCPA can apply to a party whose principal business is enforcing security interests but who nevertheless fits § 1692a(6)'s general definition of a debt collector.'" *Donnelly-Tovar v. Select Portfolio Servicing, Inc.*, --- F. Supp. 2d, ---, 8:12-CV-203, 2013 WL 791153 (D. Neb. Mar. 4, 2013) (quoting *Kaltenbach v. Richards*, 464 F.3d 524, 527 n.3 (5th Cir. 2006)). To hold otherwise would "allow the party demanding payment on the underlying debt to dodge the dictates of § 1692e by giving notice of foreclosure on the secured interest. The practical result would be that the [FDCPA] would apply only to efforts to collect unsecured debts . . . That can't be right. It isn't." *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1218 (11th Cir. 2012); *see also Wilson v. Goldberg, P.L.L.C.*, 443 F.3d 373, 379 (4th Cir. 2006).

  Notably, the FDCPA has a separate provision dealing with dispossession of property over which an entity has a security interest. 15 U.S.C. § 1692f(6)(A). That section is not applicable because Plaintiff has not pled a cause of action under that section.

sheriff's sale, it is outside the purview of the FDCPA. *See also Owens*, 550 F. Supp. 2d at 1065-66. That does not end the inquiry, however. The Court must determine whether Defendant was engaged in debt collection, and the Court concludes he was.

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts . . . ." 15 U.S.C. § 1692a(6). The definition relies, therefore, on an entity's actions. A party cannot avoid FDCPA liability simply by averring it is not a debt collector if its actions constitute debt collection activity. *See, e.g., Chomilo v. Shapiro, Nordmeyer & Zielke, LLP*, Civ. No. 06-3103 (RHK/AJB), 2007 WL 2695795, at *5 (D. Minn. Sept. 12, 2007) (citing *Beadle v. Haughey*, No. Civ. 04-272-SM, 2005 WL 300060, at *1 (D.N.H. Feb. 9, 2005)). The court in *Beadle* noted that the question was "not whether the defendant law firm was a 'debt collector' but whether it was engaged in collecting a debt." *Id.* (citing *Beadle*, 2005 WL 300060, at *3). Where, instead, that entity seeks to satisfy an otherwise valid debt by attempting to *collect money to satisfy a judgment*, that entity is involved in the collection of debts and, therefore, is bound by the FDCPA. Thus, Defendant's actions in his dealing with Plaintiffs, not his own classification, determine whether he was collecting a debt or enforcing a security interest.

One of the phone calls offered in the record, in which Defendant is alleged to have said that he will "come and get that money" is certainly not an attempt to enforce a security interest, but rather, it is an attempt to collect money to satisfy the judgment. Likewise, the April 13 letter provides more evidence that Defendant was attempting to collect on the judgment, rather than enforce any security interest. In the letter, he offers an option to Plaintiffs: either "satisfy the judgment" or Defendant would seek a sheriff's sale. A sheriff's

sale is an attempt to enforce a security interest; Defendant's letter, however, was an attempt to collect the judgment by threatening to enforce his purported security interest.

Furthermore, whether Defendant's conduct violated 15 U.S.C. § 1692d is a question of fact. *Neill*, 2009 WL 1386155, at *2. Section 1692d prohibits conduct "the natural consequence of which is to harass, oppress, or abuse any person." § 1692d. Section 1692d goes on to prohibit the use of obscene or profane language. § 1692d(b). Here, there is evidence in the record that Defendant used profane language on at least one occasion. Moreover, the evidence that Defendant told Nelson that he would go to her house could support a jury's finding that the statement was a threat, which is a separate violation of § 1692d(a). Defendant, on the other hand, asserts that the evidence will demonstrate that the calls were akin to two parties playing phone tag. A jury will be required to weigh the evidence and assess credibility to determine whether Defendant used profanity in violation of § 1692d(b), or whether he even made the remarks Plaintiffs allege. However, viewing the evidence in the light most favorably to Plaintiffs, there are certainly facts upon which a jury could find a violation of the FDCPA.

Even if a jury were to find that the nature of Defendant's alleged communications were permissible under § 1692d, however, Defendant may have violated § 1692e by making false or misleading statements about the legal status of the debt.[6] Defendant repeatedly relies on his "right to levy and execute" in violation of § 1692e. Defendant offered, in support of this motion, a letter sent to Plaintiffs in which he advised that he had a right to conduct a sheriff's sale. There is no dispute that Defendant sent the April 13 letter, nor is there

---

[6] Plaintiffs do not specifically rely on § 1692e in their Amended Complaint, but do allege "multiple violations of the FDCPA including, but not limited to, the specific violations cited below." (Am. Comp. ¶ 37.) Plaintiffs do, however, rely heavily on the invalidity of the debt in their opposition to this motion. Accordingly, the Court will address that issue here.

disagreement as to the letter's contents. The judgment referenced in the letter is, in fact, "*uncollectible*."[7] *Green v. Clark*, 2012 WL 6652639, at *1 (emphasis added). Thus, Defendant may be in violation of § 1692e because the facts indicate he falsely represented the legal status of the debt. *See* 15 U.S.C. § 1692e (prohibiting the "false representation of [] the character, amount, or *legal status* of any debt . . . ."). The facts imply Defendant falsely claimed to have a right to levy and execute based on a state-court judgment, and Minnesota has already debunked that canard.

Based on the arguments and record currently before the Court, Defendant's motion should be denied. The record contains myriad factual disputes which, when resolved in Plaintiffs' favor, could certainly support judgment. Furthermore, the arguments Defendant offers ring hollow in light of common sense and precedent. Thus, the Court recommends Defendant's motion be denied.

### III.    Recommendation

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion for Summary Judgment (ECF No. 36) be **DENIED**.

Dated: June 21, 2013                                   s/ *Jeanne J. Graham*
                                                       JEANNE J. GRAHAM
                                                       United States Magistrate Judge

### NOTICE

---

[7] This Court is required to give full faith and credit to Minnesota's determination of the legal status of the judgment. *See Knutson v. City of Fargo*, 600 F.3d 992, 995 (8th Cir. 2010); *see also* 28 U.S.C. § 1738.

8

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **July 8, 2013**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the district judge is not required to review a transcript or the district judge directs otherwise.